IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-02723-MSK-KLM

MELVIN LEE, and
CYNTHIA LEE,

      Plaintiffs,

v.

NO NAMED DEFENDANTS,

      Defendants.

## DISMISSING ALL CLAIMS

THIS MATTER comes before the Court on various documents filed by Melvin and Cynthia Lee, appearing *pro se*, to commence this action. Having considered the same, and having construed all documents liberally in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court finds and concludes that this case must be dismissed.

Under Fed. R. Civ. P. 3, "A civil action is commenced by filing a complaint with the court." Under Fed. R. Civ. P. 8(a), at a minimum, a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

As a pleading, *see* Fed. R. Civ. P. 7(a), a complaint must also be signed in accordance with Fed.

R. Civ. P. 11. A *pro se* litigant is required to comply with these rules. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The documents filed by the Plaintiffs, even construed together, do not constitute a complaint. Plaintiffs have simply filed a copy of a letter directed to the Department of Revenue, a written statement in the nature of a declaration, and a civil cover sheet. Neither the letter nor the statement identify any requested relief nor any defendants against whom relief is sought. Neither assert any recognizable claims upon which relief can be granted. The cover sheet provides more information. It lists these and other plaintiffs, four individual defendants and that the cause of action is premised upon contract obligations, and unethical behavior. Unfortunately, it does not in any way correlate to the document identified as the Complaint, and does not, alone, constitute a pleading which could substitute for a complaint. *See* Fed. R. Civ. P. 11(a). Thus, no civil action has been properly commenced.

In addition, the Complaint fails to demonstrate the Court's subject matter jurisdiction. Jurisdiction cannot be premised upon a federal question, 28 U.S.C. § 1331, because no federal claims are asserted. Although the Complaint contains no allegations to support diversity jurisdiction, the cover sheet reflects this election. Unfortunately, it identifies the amount in controversy as $10,000, which fails to satisfy the jurisdictional requirements of 28 U.S.C. § 1332.

Although the Court would ordinarily grant leave to amend the Complaint to correct deficiencies, the deficiencies are so numerous - lack of identification of any defendant, cause of action, request for relief, or jurisdictional prerequisite - that the Court must conclude that what has been filed is simply insufficient to commence a civil action. *Cf. Birge v. Delta Air Lines,*

*Inc.,* 597 F.Supp. 448, 454-55 (N.D. Ga. 1984) (right-to-sue letter, combined with affidavit, were not the equivalent of a complaint which could commence a civil action); *see also McKinney v. State of Okl., Dept. of Human Services, Shawnee OK,* 925 F.2d 363 (10th Cir. 1991) (approving *sua sponte* dismissal of claims when it is patently obvious that a plaintiff cannot prevail on what is alleged).

**IT IS THEREFORE ORDERED** that the Plaintiffs' claims are **DISMISSED,** without prejudice to proper commencement of a new action. The Clerk of Court is directed to close this case.

Dated this 16th day of December, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge